UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEARSON EDUCATION, INC.,

                Plaintiffs,

- against -

GANGHUA LIU, ET AL.,

                Defendants.

1:08-cv-06152-RJH

**MEMORANDUM OPINION AND ORDER**

---

Richard J. Holwell, District Judge:

      Defendant Ganghua Liu moves for leave to file an interlocutory appeal of this Court's Memorandum Opinion and Order dated September 25, 2009 [24] ("Sept. 25 Opinion") denying her motion to dismiss plaintiffs' complaint. The plaintiffs in this case, two U.S. copyright holders, allege that defendants are involved in re-selling—at high prices in the U.S.—copyrighted books that they bought abroad—at lower prices in what is called the "grey market."[1] Defendants moved to dismiss the complaint on the grounds that their activities were protected by the first-sale doctrine, the rule that the purchaser of a physical copy of a copyrighted work may give or sell that copy to someone else without infringing the copyright owner's exclusive distribution rights. Although the Court noted an open question as to whether the first-sale doctrine applies to copies of a copyrighted work that have been lawfully manufactured abroad, it denied defendants' motion because

---

[1] In light of the transnational nature of the phrase, the Court is flummoxed as to whether "gray" or "grey" is the proper spelling. A brief review of recent opinions reveals that the courts of this district have not reached a single conclusion either. Rather than go on an etymological tangent, the Court arbitrarily elects the spelling used above.

1

it concluded that the Supreme Court's dicta in *Quality King Distributors, Inc. v. L'anza Research International, Inc.*, 523 U.S. 135 (1998), mandated that result.  Because the Court found the arguments contrary to that position persuasive, it expressed its holding with doubt.  The defendants subsequently filed this motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Interlocutory appeal is available when an order "involves a controlling question of law as to which there is substantial ground for difference of opinion [and] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  This section constitutes "a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  *Koehler v. Bank of Bermuda, Ltd.*, 191 F.3d 863, 865 (2d Cir. 1996).  Thus courts should "exercise great care in making a § 1292(b) certification," *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).  Furthermore, "district court judges have broad discretion to deny certification even where the statutory criteria are met." *National Asbestos Workers Medical Fund v. Phillip Morris, Inc.*, 71 F. Supp. 2d 139 (E.D.N.Y. 1999) (Weinstein, J.).  The Court will only grant certification, then, if the statutory criteria are met *and* the Court believes that immediate appeal would best foster a simultaneously effective and efficient judiciary.

The criteria for interlocutory appeal are met here.  As the Sept. 25 Opinion makes clear, the question of whether 17 U.S.C. § 109(a) entitles defendants to sell the "grey market" books without plaintiffs' consent is a question of law that essentially controlled the disposition of the defendants' motion to dismiss.  A substantial portion of the opinion was devoted to explaining the substantial grounds for differences of opinion that exist on

that issue, and the Court refers thereto for a full explication of those grounds. Briefly, the Court explained that:

> Courts have divided over what it means for a copy to be "lawfully made under this title." § 109(a); *compare Columbia Broad. Sys., Inc. v. Scorpio Music Distribs., Inc.*, 569 F. Supp. 47, 49 (E.D. Pa. 1983) (Green, J.), *aff'd without op.*, 738 F.2d 421 (3d Cir. 1984), *with Sebastian Int'l Inc. v. Consumer Contacts (Pty) Ltd.*, 847 F.2d 1093, 1098 n.1 (3d Cir. 1988). On one hand, some courts have held that because a U.S. copyright holder cannot sue a foreign manufacturer for violating her exclusive right to reproduce a copyrighted work in copies, *see* 17 U.S.C. § 106(1); *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988), a copy manufactured abroad is born in a state of legal limbo, neither legal nor illegal as a matter of U.S. law. On this view, a copy of a copyrighted work is not "lawfully made under this title" unless it also is "legally manufactured . . . within the United States." *Scorpio*, 569 F. Supp. at 49. Other courts have "confess[ed] some uneasiness with this construction," implicitly suggesting that "lawfully made under this title" refers not to the *place* a copy is manufactured, but to the *lawfulness* of its manufacture as a function of U.S. copyright law. *See Sebastian Int'l*, 847 F.2d at 1098 n.1.

Sept. 25 Opinion at 9.

Although this Court's statutory interpretation led it to conclude that the first-sale doctrine should not be limited to copies manufactured in the United States, *id.* at 8-15, it felt itself bound to the Supreme Court's *Quality King* dicta. *Id.* at 15-17. The Court therefore held, *dubitante*, that the first-sale doctrine does not apply to copies of a copyrighted work manufactured abroad. *Id.* at 17. Accordingly, defendant's motion to dismiss was denied. *Id.* at 18.

The Court certainly believes that there is a substantial ground for difference of opinion on the issue, a belief that it expressed by issuing its opinion *dubitante*. The only remaining question, then, is whether "[a]n immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Court found the issue posed by the proper interpretation of § 109(a) dispositive of defendants' motion to dismiss. Accordingly, further motion practice, discovery, or trial in this matter would likely be rendered moot should the Circuit find that it disagrees with this Court's answer to the § 109(a) question. Proceeding without appellate review, then, would be inefficient, and immediate appeal would materially advance the ultimate termination of the litigation. *See In re Dynex Capital, Inc. Securities Litigation*, No. 05-1897, 2006 WL 1517580 (S.D.N.Y. June 2, 2006) (interlocutory appeal certified where denial of motion to dismiss turned on question, "and substantial resources may be expended in vain both by the parties and this Court if my initial conclusion proves incorrect").

Plaintiffs make two arguments to the contrary. First, they argue that they have trademark claims that could "entitle them to the same injunctive relief and a substantial portion of the monetary relief" that they seek from their copyright claims. (Pl. Opp. to Cert. 2.) However plaintiffs have not explained how they expect to recover pursuant to a trademark claim if they do not have a right under the Copyright Act to prohibit the resale of copies they sold. Perhaps defendants will surprise the Court and achieve that end, and admittedly their likelihood of doing so proportionately reduces the potential that future proceedings in this case will have been a waste. However even after considering that possibility there remains a substantial chance that such waste will occur.

Second, plaintiffs argue that an appeal will not materially advance the outcome of this litigation because the defendant still has counterclaims that "it has not committed to dismiss even if the copyright issue involving the First Sale Doctrine is resolved in [defendants] favor." (*Id.*) Yet an important issue in the briefing on the motion to dismiss

4

the counterclaims is the 109(a) question: defendant leads her opposition by arguing that "each argument is premised on the contested proposition that Pearson and Wiley have a right under the Copyright Act to restrict the resale of copies of their textbooks long after lawful ownership has passed to others, merely because they chose to print them outside of the United States." (Def. Opp. to Pl. Mot. to Dismiss Counterclaims 1.) Without going so far as to rule on those motions, the Court does not agree that the existence of counterclaims, the viability of which may turn on resolution of the disputed question of law, reduces the desirability of interlocutory appellate resolution of that question. And even if the 109(a) question turns out to be immaterial to the resolution of the counterclaims, their existence does not change the fact that this case turns in large part on the answer to that question.

For the reasons stated above, the Court concludes that the statutory requirements for certification of an interlocutory appeal have been met. Furthermore, based on its review of this case and its judgment as to how it will proceed at the district level, the Court believes that immediate appellate review of its Sept. 25 Opinion would be prudent. Accordingly, the Court hereby CERTIFIES that order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

SO ORDERED.

Dated: New York, New York
February 22, 2010

Richard J. Holwell
United States District Judge